IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RAYVON BOATMAN,
    Petitioner,

vs.                                       Case No. 3:07cv470/LAC/EMT

WALTER McNEIL,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

       This cause is before the court upon referral from the clerk. Petitioner commenced this action by filing a civil rights action under 42 U.S.C. § 1983 in the Middle District of Florida (Doc. 1). The case was subsequently transferred to this district and the undersigned instructed Plaintiff to file an amended complaint on the court-approved form (Doc. 6). The court subsequently granted Petitioner's request to construe his civil rights complaint as a habeas petition (*see* Docs. 19, 21, 22).

       On March 10, 2008, this court entered an order giving Petitioner thirty (30) days in which to file a habeas petition under 28 U.S.C. § 2254 (Doc. 22), and on September 25, 2008, entered an order giving Petitioner thirty (30) days in which to file a second amended petition (Doc. 34). Petitioner failed to comply with the order; therefore, on November 25, 2008, the court issued an order requiring Petitioner to show cause, within twenty (20) days, why this action should not be dismissed for failure to comply with an order of the court (Doc. 38). The time for compliance with the show cause order has now elapsed, and Petitioner has failed to file a second amended petition.

       Accordingly, it is respectfully **RECOMMENDED**:

       That this case be **DISMISSED without prejudice** for Petitioner's failure to comply with an order of the court.

At Pensacola, Florida, this 22nd day of January 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**